**Christopher GIL–ORTIZ, aka Christopher Alain Gil, aka Joel Martinez–Acevedo, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–71667.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2015.*

Filed Oct. 20, 2015.

Christopher Gil–Ortiz, Las Vegas, NV, pro se.

O.I.L., Margaret Anne O'Donnell, Trial, D.O.J.-U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

MEMORANDUM **

Christopher Gil–Ortiz, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") denial of a continuance, and denying his motion to remand based on a claim of ineffective assistance. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to continue, *Sandoval–Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir.2008), and a motion to remand, *Movsisian v. Ashcroft,* 395 F.3d 1095, 1097–98 (9th Cir.2005), and review de novo constitutional claims and questions of law, *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The agency did not abuse its discretion or violate due process in denying Gil–Ortiz's motion for a continuance to seek postconviction relief in state court, where Gil-Ortiz failed to demonstrate good cause for a continuance. *See Singh v. Holder,* 638 F.3d 1264, 1274 (9th Cir.2011) ("[A]n IJ 'may grant a motion for continuance for good cause shown.'" (quoting 8 C.F.R. § 1003.29)). Gil–Ortiz conceded removability, he was ineligible for the relief sought, and collateral post-conviction relief remained a merely speculative possibility at the time of his final hearing. *See id.* ("[T]he IJ [is] not required to grant a continuance based on … speculations."); *see also Sandoval–Luna,* 526 F.3d at 1247 (rejecting a challenge to an IJ's denial of a continuance where "no relief was then immediately available").

The agency applied the correct legal standard to Gil–Ortiz's request for a continuance where it invoked the applicable

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

"good cause" legal standard and cited pertinent legal authorities. *See Mendez–Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir.2009) (concluding that "the IJ applied the correct legal standard" in a case where "the IJ expressly cited and applied [relevant case law] in rendering its decision, which is all our review requires").

The BIA did not abuse its discretion in denying the motion to remand where Gil–Ortiz failed to establish prejudice from the alleged ineffective assistance of counsel. *See Mohammed*, 400 F.3d at 793 (to prevail on an ineffective assistance of counsel claim, petitioner must demonstrate that he was prejudiced by counsel's performance). Contrary to Gil–Ortiz's assertions, the BIA did not rely on his failure to comply with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), in determining that he failed to establish a claim of ineffective assistance.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.